UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.J.M.J., Successor-in-Interest to Decedent DAVID JAMES MANDEVILLE, SR., by and through his Guardian Ad Litem ANGELA MANDEVILLE; D.A.M., Successor-in-Interest to Decedent DAVID JAMES MANDEVILLE, SR., by and through his Guardian Ad Litem ANGELA MANDEVILLE; D.J.M., Successor in-Interest to Decedent DAVID JAMES MANDEVILLE, SR., by and through his Guardian Ad Litem CLARISSA FRAZIER; ANGELA MANDEVILLE, an individual, KIMBERLY WRIGHT, an individual, | No. 2:22-cv-01167-KJM-DB<br><br>ORDER |

Plaintiffs,

v.

CITY OF LINCOLN, a municipal corporation; CITY OF ROCKLIN, a municipal corporation; and DOES 1-25, inclusive, individually and in their official capacity as police officers for the CITY OF LINCOLN and/or the CITY OF ROCKLIN; and DOES 26-50, inclusive, individually and in their official capacity as employees for the Lincoln Police Department and/or the Rocklin Police Department,

Defendants.

Plaintiffs bring this action against the City of Lincoln, City of Rocklin and Does 1-50[1] following the death of their husband and father, David James Mandeville, Sr. Plaintiffs assert seven claims, including alleged violations of the Americans with Disabilities Act and California's Bane Act. Defendants City of Lincoln and City of Rocklin separately move to dismiss these claims, to the extent pled against them, for failure to state a claim. The court **grants defendants' motions in part**. **The court dismisses with prejudice plaintiffs' third and fourth claims against the City of Lincoln and the City of Rocklin, respectively.**

I.   BACKGROUND

   A.   Factual History

This action arises from the 2021 death of David James Mandeville, Sr. (decedent). On May 30, 2021, decedent, who was at his grandmother's home, called 911 and falsely "informed the operator that he had killed his mother." Second Amended Complaint (SAC) ¶ 25, ECF No. 30. Officers from the Lincoln Police Department (LPD) were dispatched and "arrived towards the end of block." *Id.* ¶ 26. Decedent's family had informed the LPD of decedent's "undiagnosed mental illness and drug induced paranoia" during calls and interactions earlier that year. *Id.* ¶ 1. Decedent had always complied with officers and was never violent. *Id.* ¶ 27.

At some point after officers arrived on scene, "LPD contacted the Rocklin Police Department (RPD)" and asked officers to bring a canine officer and his handler to the scene. *Id.* ¶ 29. Once the LPD officers "announced their presence," decedent began walking towards them while removing all his clothing except for his boxer shorts. *Id.* ¶¶ 28, 31. While walking, the decedent "raised his hands in the air . . . and yelled, 'I don't have any weapons!'" *Id.* ¶ 31. Decedent then "ran across the street away from the officers." *Id.* ¶ 33. The canine deputy handler released the canine officer, "which bit [decedent] multiple times . . . puncturing his stomach and

---

[1] As noted, the complaint names fifty Doe defendants. If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

side. . . ," ignoring the deputy's commands to stop. *Id.* ¶¶ 34–36. Decedent was hospitalized for his injuries, which "includ[ed] 13 puncture wounds." *Id.* ¶ 38. One of the canine's bites punctured his intestines, and decedent developed sepsis from the resulting injury. *Id.* ¶ 39. Decedent died from his injuries on June 6, 2021. *Id.*

### B. Procedural History

Plaintiffs are decedents' three minor children, proceeding by and through their guardians ad litem, and his wife, who have filed the operative second amended complaint against defendants alleging seven claims: (1) violations of decedents civil rights under 42 U.S.C. § 1983; (2) violations of the plaintiffs' Fourteenth Amendment rights under 42 U.S.C. § 1983; (3–4) violations of 42 U.S.C. § 12132 (the Americans with Disabilities Act, or "ADA"); (5–6) Negligence; and (7) violations of California Civil Code § 52.1 (the Bane Act). *See generally* SAC. The City of Lincoln moves to dismiss plaintiffs' third and seventh causes of action and the City of Rocklin moves to dismiss plaintiffs' fourth cause of action. Lincoln Mot. to Dismiss (Lincoln Mot.), ECF No. 32–1; Rocklin Mot. to Dismiss (Rocklin Mot.), ECF No. 33–1. Plaintiffs oppose both motions, Lincoln Opp'n, ECF No. 37; Rocklin Opp'n, ECF No. 38, and defendants have replied, Lincoln Reply, ECF No. 39; Rocklin Reply, ECF No. 40. The court submits the motions without argument.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

#### A. ADA Claims (City of Lincoln and City of Rocklin)

The City of Lincoln and City of Rocklin move to dismiss plaintiffs' third and fourth claims, respectively; each claim alleges violations of the ADA against the respective defendant. *See* Lincoln Mot. at 3; Rocklin Mot. at 4. In their oppositions, plaintiffs state without explanation they will "dismiss the ADA violation claims against both Lincoln and Rocklin" and do not seek leave to amend. Lincoln Opp'n at 5; Rocklin Opp'n at 5. Thus, this court **dismisses plaintiffs' third and fourth claims against defendants with prejudice**.

#### B. Bane Act Claim (City of Lincoln)

Plaintiffs' seventh claim asserts violations of the Bane Act by Does 1-25[2]. Specifically, plaintiffs allege the use of a canine officer violated decedent's Fourth Amendment right to be free from "unlawful searches and seizures" and excessive force through "threats, intimidation, and coercion." SAC ¶¶ 15, 98–99.

The Bane Act, section 52.1 of the California Civil Code, authorizes individual civil actions for damages and injunctive relief by individuals whose federal or state rights have been interfered with by threats, intimidation, or coercion. Cal. Civ. Code § 52.1(b). "Claims under section 52.1 may be brought against public officials who are alleged to interfere with protected rights, and qualified immunity is not available for those claims." *Reese v. County of Sacramento*, 888 F.3d 1030, 1040–41 (9th Cir. 2018).

---

[2] Plaintiffs identify Does 1-25 as officers of either LPD or RPD. *See generally* SAC.

In Fourth Amendment excessive force cases, the Ninth Circuit has held the Bane Act "requires 'a specific intent to violate the [individual's] right to freedom from unreasonable seizure,'" but "does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." *Reese v. County of Sacramento*, 888 F.3d at 1043 (quoting *Cornell v. City of San Francisco*, Cal. Rptr. 3d 356, 382–83, 384 (2017)). "[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights" *Id.* at 1045 (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)).

Here, the City of Lincoln argues plaintiffs' complaint is "insufficiently pled" as it does not allege defendants had the specific intent to violate decedent's constitutional rights. Lincoln Mot. at 6. Likewise, the city moves to strike plaintiffs' request for monetary damages under the Bane Act. *Id.* at 6–7.

Construing the facts in the light most favorable to plaintiffs, the court finds they have plausibly alleged defendants intended to violate decedent's rights. *See Reese v. County of Sacramento*, 888 F.3d at 1045. First, plaintiffs allege the LPD officers acted with "reckless disregard." SAC ¶ 98. Second, while officers directed the canine officer to stop the attack, *id.* ¶ 36, a reasonable jury could find the defendants' decision to deploy the canine officer against an unarmed, non-violent man with a record of compliance and known mental health struggles constituted a reckless disregard for, or intent to violate, decedent's Fourth Amendment rights, *cf. Rosenbaum v. City of San Jose*, No. 20CV04777, 2021 WL 6092205, *25 (N.D. Cal. Dec. 23, 2021) (finding no Bane Act violation where plaintiffs could not sufficiently plead defendants acted with specific intent to violate constitutional rights, separate from a showing of intent to deploy police canine and bean bag shotgun).

The City of Lincoln also moves to dismiss plaintiffs' Bane Act claim against it because plaintiffs do not "specifically identify" a public employee who engaged in the act giving rise to tort liability, thus arguing "vicarious public entity liability" does not apply. Lincoln Mot. at 6. In general, employers can be vicariously liable for Bane Act violations committed by their employees. *See Morrison v. Pal*, No. 117CV00776, 2018 WL 6460038, *8 (E.D. Cal. Dec. 10,

5

2018).  The City of Lincoln attempts to distinguish this case from the general rule by citing to *Koussaya v. City of Stockton*, in which a California state court conducting a summary judgment analysis held an employer could not be vicariously liable when the court had already granted summary judgment in favor of the individual employees.  54 Cal. App. 5th 909, 944 (2020); Lincoln Mot. at 6.  In contrast, here, the court has not determined liability with respect to the responding officers.  Also, while plaintiffs have not yet named specific officers, plaintiffs may seek to amend the complaint once they discover their identities.  Thus, the court **denies the City of Lincoln's motion to dismiss plaintiffs' seventh claim**.

Because the court declines to dismiss plaintiffs' Bane Act cause of action, it also **dismisses as moot defendant's motion to strike plaintiffs' request for award of a penalty of $25,000 under the Bane Act**.

## IV.   CONCLUSION

The court **dismisses with prejudice plaintiffs' third and fourth claims against the City of Lincoln and City of Rocklin, respectively,** and **denies the City of Lincoln's motion to dismiss plaintiffs' Bane Act claim**.

This order resolves ECF Nos. 32 and 33.

IT IS SO ORDERED.

DATED:  January 18, 2023.

CHIEF UNITED STATES DISTRICT JUDGE