UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.J.M.J., as Successor-in-Interest to Decedent DAVID JAMES MANDEVILLE, SR., and in his individual capacity, by and through his Guardian Ad Litem ANGELA MANDEVILLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LINCOLN, a municipal corporation, et al.,<br><br>Defendants. | No. 2:22-cv-01167-DJC-SCR<br><br>ORDER APPROVING MINORS' COMPROMISES |

Plaintiffs bring the present action against Defendants City of Lincoln and City of Rocklin alleging several causes of action stemming from the wrongful death of Decedent David James Mandeville, Sr. Among the Plaintiffs are several of Decedent's minor children, including Plaintiff D.A.M., by and through his Guardian Ad Litem Angela Mandeville, and Plaintiff D.J.M.J., by and through his Guardian Ad Litem Angela Mandeville. Plaintiffs D.A.M. and D.J.M.J. have each filed motions to approve settlements with Defendants on their behalf.

For the reasons stated below, the Court finds the settlements are fair and reasonable, and will therefore grant Plaintiffs D.A.M. and D.J.M.J.'s motions to approve the settlements.

1

**BACKGROUND**

On May 30, 2021, Decedent was at his grandmother's house. (Second Am. Compl. (ECF No. 30) ¶ 24.) Decedent began acting anxious and paranoid and called 911 to inform the operator he had killed his mother, which was untrue. (*Id.* ¶ 25.) Lincoln Police Department ("LPD") officers arrived at the house in response to the 911 call. (*Id.* ¶ 26.) The LPD officers contacted the Rocklin Police Department ("RPD") and asked them to bring a canine officer to the scene. (*Id.* ¶ 29.) RPD officers arrived with a canine officer. (*Id.* ¶¶ 29–30.) Once the officers arrived, Decedent walked outside the house and began removing his clothing as he approached the officers. (*Id.* ¶¶ 28, 30.) Decedent removed all his clothing except for his boxer shorts, raised his hands in the air, and yelled "I don't have any weapons!" (*Id.* ¶ 31.) The officers asked Decedent to come across the street. (*Id.* ¶ 32.) Decedent instead ran away from the officers. (*Id.* ¶ 33.) The canine deputy released the canine officer, which bit Decedent multiple times, puncturing his stomach and sides. (*Id.* ¶¶ 34–35.) The canine officer did not stop biting Decedent despite repeated commands from the canine deputy to do so. (*Id.* ¶ 36.) The bite wounds were so severe that Decedent was hospitalized, and one of the bites caused a hole in Decedent's intestines. (*Id.* ¶ 39.) That puncture caused Decedent to develop sepsis, and he died on June 6, 2021. (*Id.* ¶ 39.)

Plaintiffs, who are Decedent's three children and his wife, filed this action on July 5, 2022. (ECF No. 1.) The Parties settled the matter pursuant to a conference with a magistrate judge on May 7, 2024. (ECF No. 59.) Plaintiffs D.A.M. and D.J.M.J. subsequently moved for approval of the settlement agreements on September 9, 2024. (D.A.M. Mot. (ECF No. 63); D.J.M.J. Mot. (ECF No. 64.).) Their motions are unopposed. (ECF Nos. 65–66.)

The Court ordered the motions submitted without appearance and without oral argument pursuant to Local Rule 230(g), and subsequently ordered supplemental briefing from Plaintiffs demonstrating the appropriateness of the settlement amount in light of the average recovery in similar cases. (ECF Nos. 67–68.) Plaintiffs filed the

requested supplemental briefing.  (D.A.M. Am. Mot. (ECF No. 69); D.J.M.J. Am. Mot. (ECF No. 70).)  The matter is fully briefed.

## LEGAL STANDARD

No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.  E.D. Cal. L.R. 202(b).  The Local Rules require that the motion for approval of a proposed minor's compromise disclose, among other things: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled or compromised, (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  *See id.*

Further, the Ninth Circuit held in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) that Federal Rule of Civil Procedure 17(c) imposes a "special duty" on district courts approving a minor's compromise.  "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (citations omitted).  However, this "special duty" has a limited scope of review, asking only "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182.  "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented . . . ." *Id.*  In making this determination, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other similar

1  compromises that have been approved by courts." *Rivett v. United States*, No. 2:21-
2  CV-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting
3  cases where the procedural posture was considered, the fact that the settlement
4  occurred at a court-supervised settlement conference was considered, and other
5  compromises were considered).

6      Plaintiffs bring a variety of state and federal law claims against Defendants.
7  Although the Ninth Circuit expressly limited its holding to "cases involving the
8  settlement of a minor's federal claims[,]" *Robidoux*, 638 F.3d at 1179 n.2, where, as
9  here, a court is exercising supplemental jurisdiction over state law claims, courts will
10 apply the *Robidoux* standard to all of the claims, *see A.G.A. v. County of Riverside*, No.
11 19-cv-00077-VAP-SPx, 2019 WL 2871160, at *3 n.1 (C.D. Cal. Apr. 26, 2019)
12 (collecting cases).

## PROPOSED SETTLEMENT AGREEMENTS

14     The proposed settlements would resolve all claims brought by Plaintiffs D.A.M.
15 and D.J.M.J., as well as by Plaintiffs D.J.M., by and through his Guardian Ad Litem
16 Clairessa Fraizer, and Angela Mandeville, against Defendants City of Rocklin and City
17 of Lincoln.  (D.A.M. Mot., Ex. A ("Rocklin Settlement Agreement") (ECF No. 63); D.A.M.
18 Mot., Ex. B ("Lincoln Settlement Agreement") (ECF No. 63).)  Under the terms of the
19 settlements, the Defendants agree to pay a total settlement amount of $210,000, with
20 the City of Rocklin paying $199,500.00, and the City of Lincoln paying $10,500.
21 (D.A.M. Mot. at 3; D.J.M.J. Mot. at 3.)  The settlements will be divided equally among
22 the Plaintiffs, with Plaintiffs D.A.M. and D.J.M.J. each receiving a gross settlement
23 amount of $52,500.  (D.A.M. Mot. at 4; D.J.M.J. Mot. at 4.)  Plaintiffs' counsel requests
24 25% of the gross settlement, or $13,125, in attorney's fees, as well as $181.90 in costs,
25 from each Plaintiff.  (*Id.*)  After attorney's fees and costs are deducted, Plaintiffs D.A.M.
26 and D.J.M.J. will each receive $39,193.10.  (D.A.M. Mot. at 5; D.J.M.J. Mot. at 5.)
27 Plaintiffs' funds will be placed into tax-free structured settlement annuity policy from
28 Pacific Life Insurance Company, from which they will receive four lump sum payments

1  over a ten-year period once they turn 18.  (*Id.*)  Plaintiffs D.A.M. and D.J.M.J. have
2  agreed to release all claims against Defendants and state they will request dismissal of
3  their claims with prejudice against the Defendants upon fulfillment of the settlement
4  terms.  (Rocklin Settlement Agreement at 1–2; Lincoln Settlement Agreement at 1.)

## DISCUSSION

6   The Court will approve the proposed settlements as to Plaintiffs D.A.M. and
7  D.J.M.J.  First, Plaintiffs' motions provide each of the disclosures required by Local
8  Rule 202(b)(2).  The motions indicate the age and sex of each minor, the nature of the
9  causes of action settled, the facts and circumstances surrounding the causes of action,
10 and information about the manner in which the compromise amount was reached.
11 (D.A.M. Mot. at 2–4; D.J.M.J. Mot. at 2–4.)
12   In addition, although Plaintiffs previously failed to provide any comparison
13 cases, Plaintiffs have now provided several cases involving settlements and jury
14 awards in cases involving excessive use of police canines and wrongful death caused
15 by law enforcement.  (*See* D.A.M. Am. Mot. at 4–6; D.J.M.J. Am. Mot. at 4–6.)  The facts
16 of the cases identified by Plaintiffs differ from the case at hand, but Plaintiffs state they
17 were unable to locate any verdicts or settlements involving the same or similar facts.
18 This Court has similarly been unable to locate cases which match the precise factual
19 context of this action.  That said, the Court has generally reviewed wrongful death
20 actions brought on behalf of minors related to the loss of a parent and finds that the
21 net recovery to each minor Plaintiff here is consistent with the average recovery in
22 those cases.  *See, e.g., E.S. by and through Gonzalez v. City of Visalia*, No. 1:13-CV-
23 01697-LJO-BAM, 2015 WL 6956837 (E.D. Cal. Nov. 3, 2015) (approving minor's
24 compromise for net payment of $130,444.83 in action involving the shooting and
25 killing of minor's father); *Armstrong v. Dossey*, No. 1:11-CV-01632-SKO, 2013 WL
26 4676541 (E.D. Cal. Aug. 30, 2013) (finding fair and reasonable settlement of minors'
27 section 1983 claims for their father's death for $22,500 and $11,000 respectively
28 between the minors); *E.R. v. County of Stanislaus*, No. 1:14-cv-00662-DAD-SKO, 2016

WL 3354334 (E.D. Cal. June 16, 2016) (approving net settlement of $19,000 for the wrongful death of a parent while in custody); *Doe ex rel. Scott v. Gill*, Nos. C 11-4759 CW, C 11-5009 CW, C 11-5083 CW, 2012 WL 1939612 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in a wrongful death action involving the shooting and killing of the minor's mother by police officers); *Swayzer v. City of San Jose*, No. C10-03119 HRL, 2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) (finding a minor's compromise for net amount of $2,054.17 was appropriate in action involving alleged wrongful death of minor's father during his arrest); *cf. Cotton ex rel. McClure v. City of Eureka*, No. C 08-4386 SBA, 2012 WL 6052519 (N.D. Cal. Dec. 5, 2012) (approving minor's compromise for wrongful death of minor's father by police officers in the net amount of $2,646,765.90; settlement occurred during pendency of appeal, which followed jury verdict in the amount of $4,000,000 in compensatory damages awarded to minor plaintiff).

Further, Plaintiffs argue there are multiple reasons why a net recovery of $39,193.10 for each Plaintiff is fair and reasonable under the circumstances. First, Plaintiffs explain there is a question of fact as to whether or not the canine officer's bite was the actual cause of death, as the medical records indicate decedent died as a result of sepsis, and it is debatable whether or not the bite was the cause of the sepsis or if it was due to another cause. (D.A.M. Am. Mot. at 6; D.J.M.J. Am. Mot. at 6.) In addition, Plaintiffs explain there is a question of fact as to whether use of the canine officer was warranted given that decedent was running away from the officers when the canine officer was released. (*Id.*) Finally, Plaintiffs state they wish to accept the $39,193.10 net recovery to avoid any further emotional distress and psychological harm further litigation would cause. (*Id.*) Based on the Court's review of Plaintiffs cases, as well an independent review of similar cases and the facts of this case, the Court finds the settlement amounts are fair and reasonable.[1]

---

[1] In addition, the Court notes that Plaintiffs' counsel will be awarded 25% of each Plaintiff's gross settlement, or $13,1250 per Plaintiff, based on their retainer agreement. (D.A.M. Mot. at 4; D.J.M.J.

Finally, the proposed method of disbursing the settlement also appears to be fair and reasonable. Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person." E.D. Cal. L.R. 202(e). Under the settlements, each minor Plaintiff's net recovery will be placed into a tax-free structured settlement annuity policy from which that Plaintiff will receive periodic payments once they turn 18. (D.A.M. Mot. at 5; D.J.M.J. Mot. at 5.) This appears to comply with the requirements of California law for settlements involving minor parties.[2] As such, the method of disbursement of funds satisfies Local Rule 202(e).

Based upon the information provided in the motions and supporting documents and considering the totality of the facts and circumstances of this case, as well as the results achieved in comparable cases in the Ninth Circuit, the Court finds the proposed settlements are fair, reasonable, and in the best interests of Plaintiffs D.A.M. and D.J.M.J.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Plaintiff D.A.M.'s Motion for Approval of Settlement (ECF No. 63) and Plaintiff D.J.M.J.'s Motion for Approval of Settlement (ECF No. 64) are GRANTED;

---

Mot. at 4.) Counsel also seeks $181.90 in costs per Plaintiff. (*Id.*) Under *Robidoux*, this Court's focus is limited to "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiff's counsel." 638 F.3d at 1182.

[2] California law requires a structured settlement annuity or some similar locked-in, fixed-term investment vehicle for settlements for minors exceeding $5,000. *See* Cal. Prob. Code § 3401(c)(2); Cal. Prob. Code § 3611; *Williams v. County of Monterey*, No. 19-CV-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14, 2020) (noting that "district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit." (collecting cases)).

7

2. The compromise and settlement of the claims of minor Plaintiffs D.A.M. and D.J.M.J., with the minors receiving gross settlement proceeds of $52,500 each, is HEREBY APPROVED as fair and reasonable and in the best interests of the minor Plaintiffs;

3. Payment of attorney's fees and costs shall be paid by one check or draft, payable to the Plaintiff and Plaintiff's attorney, in the total amount of $13,306.90 per minor Plaintiff;

4. The net settlement funds of $39,193.10 per minor Plaintiff shall be disbursed as specified in Exhibit 1 to Plaintiffs' proposed orders (*see* ECF Nos. 63-1, 64-1);

5. Plaintiffs are authorized to dismiss this action with prejudice as to Defendants City of Rocklin and City of Lincoln upon payment of all settlement funds by said Defendants; and

6. Plaintiffs are authorized and directed to execute any further documents reasonably necessary to carry out the terms of the settlements.

IT IS SO ORDERED.

Dated:   **January 17, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – DJMJ22CV1167.MinorsCompromise